UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | | |
|---|---|---|
| **ANITA ABBOTT** | : | **DOCKET NO. 5:22-cv-04265** |
| **VERSUS** | : | **JUDGE DONALD E. WALTER** |
| **AMERICAN MODERN HOME INSURANCE CO., ET AL.** | : | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a letter purportedly authored by plaintiff Anita Abbott and docketed as a Joint/Voluntary Motion to Dismiss. Doc. 15. The matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636. For the reasons stated **IT IS RECOMMENDED** that the letter be treated as a Motion to Dismiss Without Prejudice and that the motion be **GRANTED**.

This suit was filed on plaintiff's behalf by the firm McClenny Moseley & Associates, PLLC ("MMA"). Doc. 1. Plaintiff recently became a *pro se* litigant by operation of an order of this court terminating former MMA counsel from proceedings, designating plaintiff a *Pro Se* litigant, and other matters (the "Termination Order"). Doc. 13. The Termination Order contained the following instruction:

> **ADDITIONAL NOTICE TO PLAINTIFF:** If you never intended for this lawsuit to be filed on your behalf or, for whatever reason, no longer wish to pursue your lawsuit, please complete the attached form entitled "Motion to Dismiss Without Prejudice." Please follow the instructions on the form carefully. Unless and until you receive notice that the motion has been granted, or if you receive notice that the motion has been denied, your case remains active, and you remain responsible for representing yourself as outlined above. If you are concerned about the consequences of signing this document, we suggest you consult with an attorney.

Doc. 13, p. 4. The same order set a Magistrate Judge Status Conference for June 13, 2023, at 9:00 a.m. in Shreveport, Louisiana, and plaintiff was to appear personally unless she first retained new counsel or the court granted a request to dismiss the suit. *Id.*, p. 5. The order warned plaintiff that failure to appear without having retained new counsel or having sought to dismiss "may result in adverse consequences such as a recommendation . . . to the district court that the case be dismissed for failure of plaintiff to prosecute or abide by court orders." *Id.*

The matter currently under consideration is the letter submitted by plaintiff and referenced above. Doc. 15. Plaintiff did not utilize the form provided for a Motion to Dismiss Without Prejudice as instructed in the order and attached thereto. Doc. 13, att. 1.

The court held a status conference on June 13, 2023, in Shreveport, Louisiana. Doc. 17. Plaintiff did not appear for the status conference, despite being instructed to do so. *Id.* Other than through the motion currently before the court, plaintiff has not contacted chambers regarding the case.

In her letter plaintiff claims that she no longer wishes to pursue this lawsuit, but this was due to her physical condition and her lack of an attorney, not because she did not feel she had a claim. Doc. 15. The letter also explicitly states, "<u>I Drop the law suit</u> . . . ." (capitalization and emphasis in original). Because plaintiff indicated she wished to no longer pursue her claim because of her physical condition, not because she felt she had no claim, we issued yet another order instructing plaintiff to file with the court a motion to enroll new counsel or some other indication that plaintiff wishes to proceed with the case by July 31, 2023. Doc. 16. That order also warned plaintiff that failure to abide by the order's instructions would lead the court to consider her letter [doc. 15] as a request to dismiss this litigation and would recommend dismissal

accordingly. Doc. 16. As of this Report and Recommendation's drafting, plaintiff has not complied with that order.

Considering plaintiff has not had new counsel enroll and as we warned we would do in our June 15, 2023, order, we recommend that the district court consider plaintiff's letter as a Motion to Dismiss Without Prejudice. Accordingly,

**IT IS RECOMMENDED** that the letter docketed as a Joint/Voluntary Motion to Dismiss [doc. 15] be treated as a Motion to Dismiss Without Prejudice, that the motion be **GRANTED,** and that plaintiff's claims against defendants American Modern Home Insurance Co. and American Modern Property & Casualty Insurance Co. be **DISMISSED WITHOUT PREJUDICE.**

Under the provisions of 28 U.S.C. § 636 and Rule 72 of the Federal Rules of Civil Procedure, parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglas v. United Services Automobile Ass'n,* 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 2nd day of August, 2023.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE